# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAURELWOOD CARE CENTER, LLC ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| KAREN PAVLOSKY, ) | Case No. 3:17-cv-184 |
| ) | |
| Defendant, ) | |
| ) | |
| KAREN PAVLOSKY, ) | |
| ) | |
| Counterclaim Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| LAURELWOOD CARE CENTER LLC ) | **JURY TRIAL DEMANDED** |
| ) | |
| Counterclaim Defendant, ) | |
| ) | |
| v. ) | |
| ) | |
| GRANE HEALTHCARE COMPANY, ) | |
| ) | |
| Counterclaim Additional Defendant. ) | |

## NOTICE OF REMOVAL

Counterclaim Additional Defendant, Grane Healthcare Company (hereinafter "Grane"), by and through undersigned counsel, and pursuant to 28 U.S.C. § 1331, 1441(a), and 1446, hereby give notice of removal of the case bearing the above caption and assigned case No. G.D. 2017-02018, as filed in the Court of Common Pleas of Cambria County, Civil Division, to the United States District Court for the Western District of Pennsylvania. A copy of the complete docket of the state court action is attached hereto as Exhibit A. In support of its Notice of Removal, Grane states as follows:

**Background**

1. On May 26, 2017, Plaintiff Laurelwood Care Center ("Laurelwood") filed a Complaint in the Court of Common Pleas of Cambria County, Pennsylvania. Defendant Karen Pavlosky ("Pavlosky") accepted service of Laurelwood's Complaint on June 6, 2017.

2. The Complaint alleges generally that, pursuant to a Responsible Person Agreement ("RPA") signed by Pavlosky, Pavlosky agreed to assume financial obligations for payment of Mary Dragich's ("Dragich") account at Laurelwood's nursing home facility. Thus, Laurelwood's Complaint seeks relief for breach of contract.

3. Pavlosky filed Preliminary Objections to Laurelwood's Complaint which were overruled by Order of Court dated July 24, 2017.

4. On September 1, 2017, Pavlosky filed an Answer, New Matter and "Class Action Counterclaim." Laurelwood's counsel was served with the Answer, New Matter and "Class Action Counterclaim" on September 1, 2017 when a copy of same was delivered to its offices.

5. In her responsive pleading, Pavlosky also purported to join a new party, Grane, as a "Counterclaim Additional Defendant" to this action.

6. On September 18, 2017, Pavlosky filed a Praecipe to Reinstate her Answer, New Matter and "Class Action Counterclaim."

7. Grane was not served with the Answer, New Matter and "Class Action Counterclaim" until October 3, 2017 by delivery of same to its offices.

8. Grane now removes this action to this federal court pursuant to 28 U.S.C. § 1331 and 1441(a) because Pavlosky's purported "Class Action Counterclaim" arises entirely under the federal laws of the United States. Laurelwood consents and joins in Grane's Notice of Removal and has filed a separate Consent and Joinder with the Court indicating the same.

**Federal Question Jurisdiction**

9. This Court has original jurisdiction over this matter under 28 U.S.C. § 1331 and 1441(a) because Pavlosky's "Class Action Counterclaim" arises entirely under the federal law of the United States and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

10. Specifically, the foundational allegation upon which every Count in Pavlosky's "Class Action Counterclaim" is based, is that Grane and Laurelwood's RPA violates federal statutory law (cited as 42 U.S.C. 1395(c)(5)(A)(ii); 42 U.S.C. 1396r(c)(5)(A)(ii); and 42 C.F.R. 483.12(d)(2)) which allegedly prohibits skilled nursing homes from requiring "a third party guarantee of payment to the facility as a condition of admission (or expedited admission) to, or continued stay, in the facility." (*See* Class Action Counterclaim at ¶ 5, 17).

11. Pavlosky's counsel have cleverly attempted to avoid federal jurisdiction by styling the Counts of the "Class Action Counterclaim" as state-court causes of action.  However, examination of the entire pleading and the specifics of each Count reveals that the entire purported "Class Action Counterclaim" arises under the federal statutory law mentioned above.

12. The "Class Action Counterclaim" includes four Counts: Fraud & Deceit (Count I); Violation of Unfair Trade Practice and Consumer Protection Law ("UTCPL") (Count II); Civil Conspiracy (Count III); and Unjust Enrichment (Count IV).  Each of these Counts is based entirely upon Pavlosky's foundational allegation that Grane and Laurelwood's RPA violates federal law prohibiting third-party guarantee of payment to skilled nursing homes.

13. Pavlosky's purported Fraud claim (Count I) arises under federal law because it alleges that Laurelwood misrepresented the purpose of the RPA with knowledge that it (allegedly) violated federal law.  (*See* "Class Action Counterclaim" at ¶ 26 ("Laurelwood knew or should have

known that federal law prohibits third party payment guarantees as a condition of admission to its facility…") and ¶ 29 ("…knowing that third party guarantee agreements as a condition to admission to a nursing facility are illegal and prohibited under federal law…").

14. Pavlosky's purported UTCPL claim (Count II) arises under federal law because it is simply a re-characterization of her Fraud claim from Count I, alleging that Grane and Laurelwood violated the "catch-all provision" of the UTCPL which prohibits "any…fraudulent or deceptive conduct which creates the likelihood of confusion or misunderstanding." (*See* "Class Action Counterclaim" at ¶ 34).

15. Pavlosky's purported Civil Conspiracy claim (Count III) arises under federal law because it is entirely based upon Grane and Laurelwood's alleged "illegal practices," the alleged illegality of which is governed by federal statutes. (*See* "Class Action Counterclaim" at ¶¶ 38, 40).

16. Pavlosky's purported Unjust Enrichment claim (Count IV) arises under federal law because it is likewise entirely based upon Grane and Laurelwood's alleged "unlawful action," the alleged unlawfulness of which is governed by federal statutes. (*See* "Class Action Counterclaim" at ¶ 48).

17. All of Pavlosky's purported Counterclaims are based upon the allegation that Grane and Laurelwood's RPA violates federal law prohibiting third-party guarantees of payment to skilled nursing homes.

18. If Grane and Laurelwood's RPA complies with federal law, then each Count of Pavlosky's "Class Action Counterclaim" necessarily fails as a matter of law.

19. Thus, a federal court must first decide the threshold question of the validity of Grane and Laurelwood's RPA, making removal to this Court necessary and appropriate.

**Procedural Requirements**

20. All procedural requirements for removal have been or will be complied with. Pursuant to 28 U.S.C. § 1446(a), a copy of all docket entries from the state court proceeding are attached hereto as Exhibit A and filed herewith. Pursuant to 28 U.S.C. §1446(d), promptly after filing this Notice of Removal, a copy of this Notice will be filed with the Court of Common Pleas of Cambria County, Pennsylvania, Civil Division, and will be served on all counsel of record.

21. The Notice of Removal has been filed within 30 days of the date that Grane was served with Pavlosky's Answer, New Matter and "Class Action Counterclaim." Laurelwood consents and joins Grane's Notice of Removal. Removal is therefore timely pursuant to 28 U.S.C. § 1446(b)(2).

22. Venue is proper in this Court pursuant to 28 U.S.C. §§1441(a) and 1446(a) because the United States District Court for the Western District of Pennsylvania – Johnstown Division is the federal judicial district embracing the Court of Common Pleas of Cambria County, Pennsylvania, where the state court action was originally filed.

23. By this Notice of Removal, Grane does not waive any objections it may have as to service, jurisdiction or venue, or any other defenses or objections it may have to this action. Grane intends no admission of fact, law or liability by this Notice, and expressly reserves all defenses, motions and/or pleas.

WHEREFORE, "Counterclaim Additional Defendant" Grane Healthcare Company respectfully request that this action be removed to the United States District Court for the District of Pennsylvania.

                                            Respectfully Submitted,

                                            GRANE HEALTHCARE COMPANY

                                            BY:  BERNSTEIN-BURKLEY P.C.

DATED: October 10, 2017        By:  */s/John J. Richardson, Esquire*
                                                  John J. Richardson, Esquire
                                                  Pa. ID No. 86045
                                                  Bernstein-Burkley, P.C.
                                                  707 Grant Street
                                                  Suite 2200 Gulf Tower
                                                  Pittsburgh, PA  15219
                                                  (412) 456-8107 telephone
                                                  (412) 456-8135 facsimile
**JURY TRIAL DEMANDED**       jrichardson@bernsteinlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Removal has been served upon counsel of record via U.S. Regular Mail, postage pre-paid, this 10th day of October, 2017, as follows:

David J. Weaver, Esquire
515 Main Street
Johnstown, PA  15901
dweaver@djweaverlaw.com

and

Robert S. Brierton, III, Esquire
943 Pine Grove Lane, Suite A
Johnstown, PA  15905
brierlaw@rsbrierton.com

and

Prothonotary/Department of Court Records
Court of Common Pleas of Cambria County
200 South Center Street
Ebensburg, PA  15931


BERNSTEIN-BURKLEY P.C.

By: /s/ John J. Richardson, Esquire
John J. Richardson, Esquire
PA ID No:  86045
707 Grant Street
Suite 2200 Gulf Tower
Pittsburgh, PA  15219
(412) 456-8107 telephone
(412) 456-8135 facsimile
jrichardson@bernsteinlaw.com
Attorney for Defendants Grane Healthcare Company