IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| LAURELWOOD CARE CENTER, LLC, | ) | Case No. 3:17-cv-184 |
|---|---|---|
| | ) | |
| Plaintiff/Counter-Defendant, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| KAREN PAVLOSKY, | ) | |
| | ) | |
| Defendant/Counter-Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LAURELWOOD CARE CENTER AND | ) | |
| GRANE HEALTHCARE COMPANY, | ) | |
| | ) | |
| Counter-Defendant and | ) | |
| Additional Counter-Defendant. | ) | |

## MEMORANDUM OPINION

I. Introduction

Pending before this Court is the Motion for Remand and Counsel Fees filed by Defendant/Counter-Plaintiff Karen Pavlosky ("Pavlosky"). (ECF No. 12.) This Motion is fully briefed (ECF Nos. 12, 13, 17) and ripe for disposition.

Pavlosky's Motion presents the issue of whether a party joined as a defendant to a counterclaim (i.e., an additional counter-defendant) may remove a case to federal court. The United States Court of Appeals for the Third Circuit has not resolved this issue. However, the majority of courts that have faced this question or that have faced a corresponding question regarding the ability of third-party defendants to seek removal have answered in the negative. Thus, because this Court's interpretation of 28 U.S.C. § 1441,

as guided by decisions by the United States Supreme Court, reaches the same conclusion as this aforementioned majority of courts, this Court holds that an additional counter-defendant is not a "defendant" within the meaning of the general removal statute. *See* 28 U.S.C. § 1441.

Accordingly, for the reasons stated below, Pavlosky's Motion for Remand and Counsel Fees (ECF No. 12) will be **GRANTED IN PART** and **DENIED IN PART.** The Court **GRANTS** Pavlosky's request to remand this case to the Cambria County Court of Common Pleas, but **DENIES** Pavlosky's request for attorneys' fees because Grane Healthcare Company ("Grane") advanced a colorable removal claim in an unsettled area of law.

## II. Relevant Background

LaurelWood Care Center, LLC ("LaurelWood") initiated this case by filing a breach of contract action in the Cambria County Court of Common Pleas against Pavlosky. (*See* ECF Nos. 1, 12, 13, 17.) In its Complaint, LaurelWood alleged that Pavlosky was personally liable for the payment of an alleged debt of approximately $3,000 to LaurelWood based on her signing of a "Responsible Person Agreement" that purported to guarantee payment for nursing care and services provided to a third party, Mary Dragich. (*See* ECF Nos. 1, 13.)

After the state court denied Pavlosky's preliminary objections, Pavlosky filed an Answer, New Matter and Class Action Counterclaim, denying liability and alleging four counterclaims for (1) fraud and deceit, (2) violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, (3) Civil Conspiracy, and (4) Unjust Enrichment. (*See* ECF Nos. 1, 13, 17.) In addition to bringing these counterclaims against LaurelWood, Pavlosky added Grane as an additional counter-defendant. (*See* ECF Nos. 1, 13, 17.)

Grane filed its Notice of Removal with this Court on October 10, 2017 (ECF No 1), to which LaurelWood consented and joined on October 12, 2017. (ECF No. 3.) Pavlosky responded by filing the instant Motion for Remand and Counsel Fees and brief in support thereof on November 3, 2017. (ECF Nos. 12, 13.) LaurelWood and Grane filed their Response to Motion for Remand and Counsel Fees on November 22, 2017. (ECF No. 17.)[1]

### III. Legal Standard

"Section 1441 of Title 28, United States Code, governs the removal of a case to federal court." *Smoyer v. Care One, LLC*, No. 2:16-CV-1696, 2017 WL 575070, at *1 (W.D. Pa. 2017), *report and recommendation adopted*, No. 2:16-CV-1696, 2017 WL 573573 (W.D. Pa. 2017); *Kosicki v. Nationstar Mortg., LLC*, 947 F. Supp. 2d 546, 552 (W.D. Pa. 2013) (same).

Section 1441 provides that "any civil action brought in a State court of which the district courts of the United States have *original jurisdiction*, may be removed by the *defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441 (emphasis added). "Subject matter jurisdiction may be based upon federal question or diversity grounds." *In Re Plavix Prod. Liab. & Mktg. Litig.*, No. 3:13-CV-03610-FLW, 2014 WL 4954654, at *2 (D.N.J. 2014) (citing 28 U.S.C. § 1331) (regarding federal question jurisdiction); 28 U.S.C. § 1332 (regarding diversity jurisdiction).

"The burden of establishing federal jurisdiction rests with the party asserting its existence." *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (citing

---

[1] The Court notes that LaurelWood and Grane's Motion to Dismiss Class Action Counterclaim (ECF No. 7) is pending before this Court. Given the disposition of Pavlosky's Motion for Remand and Counsel Fees herein, the Court will not decide this Motion to Dismiss.

*DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)). "[R]emoval statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 208 (3d Cir. 2014) (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992)); *Morocco v. Hearst Stations, Inc.*, No. 2:16-CV-1083, 2016 WL 4447798, at *2 (W.D. Pa. 2016). A case that is removed to district court shall be remanded to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

IV. Discussion

A. Section 1441 Does Not Permit Additional Counter-Defendants to Remove Cases to Federal Court

In Grane's Notice of Removal and Defendants' joint Response to Motion for Remand and Counsel Fees, Defendants argue that Section 1441, which permits removal of a civil action over which federal district courts have original jurisdiction by "the defendant or the defendants," 28 U.S.C. § 1441, permits Grane, as an additional counter-defendant, to remove LaurelWood's state case to federal court. (*See* ECF Nos. 1, 17.) This Court recognizes the unresolved nature of this issue in the Third Circuit and acknowledges the appeal of the arguments in favor of Defendants' position. However, this Court does not agree with Defendants' interpretation of Section 1441 and, thus, will remand this case to the Cambria County Court of Common Pleas.

As observed *supra*, the Third Circuit has not addressed whether Section 1441's reference to "the defendant or the defendants" incorporates additional counter-

defendants.[2] Furthermore, based on this Court's research, although five circuit courts of appeals have addressed the related issue of whether third-party defendants[3] may remove state cases to federal court under Section 1441, *only* the United States Court of Appeals for the Fourth Circuit has squarely addressed additional counter-defendants' ability to seek removal. *See Palisades Collections LLC v. Shorts*, 552 F.3d 327 (4th Cir. 2008) (Williams, C.J.) (describing this issue as "an issue of first impression" and holding that additional counter-defendants dot qualify as a "defendant" under Section 1441 and, thus, cannot remove cases to federal court).

This Court is persuaded by and adopts the reasoning of the Fourth Circuit's opinion in *Palisades*. The Fourth Circuit explained:

---

[2] Nor has the Third Circuit decided the related issue of whether a third-party defendant can remove under Section 1441. *See Roxbury Condo. Ass'n, Inc. v. Anthony S. Cupo Agency*, 316 F.3d 224, 228 (3d Cir. 2003) (remanding based on untimeliness, but denying the imposition of attorneys' fees because the Third Circuit has not yet decided whether a third-party defendant may be properly removed under Section 1441); *Addlespurger v. Compaq Computer Corp.*, Civil Action No. 07-466, 2007 WL 1830768, at *2 n.2 (W.D. Pa. June 22, 2007) (Lancaster, J.) (noting that "the Third Circuit Court of Appeals has not ruled on the matter."). However, the Court notes that the Third Circuit favorably discussed third-party removal in a different context in *Thompson v. Wheeler*, 898 F.2d 406, 409 (3d Cir. 1990). In *Thompson*, the third-party defendant was a United States Marshal and the basis for removal was 28 U.S.C. § 2679(d) — not Section 1441. *See id.* The Third Circuit noted the disagreement among courts regarding Section 1441, but explicitly decided the case on the basis of Section 2679(d) without offering an opinion as to Section 1441. *See id.* at 409, 409 n.2. The Third Circuit also confronted the third-party defendant removal issue in *Cook v. Wilker*, 302 F.3d 431, 433 (3d Cir. 2003). In *Cook*, the Third Circuit held that it lacked jurisdiction to hear an appeal of a remand order after the district concluded that third-party defendants may not remove state cases to federal court. *Id.* at 431. The *Cook* court further emphasized that "its decision should not be read as endorsing the District Court's reading of 28 U.S.C. § 1441," *id.* at 431, and, again, acknowledged that the interpretation of Section 1441 is an unresolved issue. *Id.* at 436 n.6.

[3] In recognition of the complex vocabulary corresponding with the issues raised herein, the Court notes that additional counter-defendants are non-parties joined to a counterclaim under Rule 19, Rule 20, or a similar state procedural mechanism. *See* Fed. R. Civ. P. 13(h). In contrast, third-party defendants are non-parties against whom a defending party serves a complaint on the basis that the third-party defendant "is or may be liable to [a defending party/third-party plaintiff] for all or part of the claim against [the defending/third-party plaintiff]." Fed. R. Civ. P. 14(a)(1).

> In *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S. Ct. 868, 85 L. Ed. 1214 (1941), the Supreme Court considered the question of "whether the suit in which [a] counterclaim is filed is one removable by the [original] plaintiff to the federal district court . . . ," *id.* at 103, 61 S. Ct. 868, under the statutory predecessor to § 1441(a), which provided that an action "may be removed by the defendant or defendants therein to the district court of the United States for the proper district," *id.* at 105 n.1, 61 S. Ct. 868. Although the Court acknowledged that, between 1875 and 1887, the removal statute allowed "either party" to remove the suit to federal court, *id.* at 104–05, 61 S. Ct. 868, the Court concluded that Congress "narrow[ed] the federal jurisdiction on removal" by amending the statute in 1887 to allow removal only "by the 'defendant or defendants' in the suit," *id.* at 107, 61 S. Ct. 868. Noting that interpretation of removal statutes "call[ed] for . . . strict construction," *id.* at 108, 61 S. Ct. 868, the Court thus held that the original plaintiff against whom the original defendant had filed a counterclaim could not remove the case to federal court under § 1441(a)'s predecessor.

*Id.* at 332.

The Fourth Circuit acknowledged that *Shamrock Oil* was not dispositive of the precise issue in the matter before it, but found that *Shamrock Oil* dictates that the phrase "the defendant or the defendants," as used in Section 1441, be interpreted narrowly to refer to defendants in the traditional sense of parties against whom the original plaintiff asserts claims. *Id.* at 333 (citing *First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456, 462-63 (6th Cir. 2002)). Accordingly, because additional counter-defendants are "certainly not defendants against whom the original plaintiff asserts claims, the Fourth Circuit "easily conclude[d] that an additional counter-defendant is not a 'defendant' for the purposes of § 1441(a)." *Id.*; *see Capitalsource Fin., L.L.C. v. THI of Columbus, Inc.*, 411 F. Supp. 2d 897, 900 (S.D. Ohio 2005) (holding that "additional counterclaim defendants . . . are not defendants within the meaning of the removal statute [and] do not have statutory authority . . . to remove this case."); *Dartmouth Plan, Inc. v. Delgado*, 736 F. Supp. 1489, 1492 (N.D. Ill. 1990) ("But just as

a third-party has no special rights to remove, neither does a nonplaintiff counter-defendant. A counterdefendant is not a defendant joined in the original action and therefore not a party that can remove a state action to federal court."); *Tindle v. Ledbetter*, 627 F. Supp. 406, 407 (M.D. La. 1986) (stating that because the parties in question were joined as defendants on a counterclaim, they "are [additional] counterclaim defendants, [and] they cannot remove this suit to federal court."); *see also* 16 James W. Moore et al., *Moore's Federal Practice* § 107.11(1)(b)(iv) (3d ed. 1998) (suggesting that the "better view" is that counter-defendants, cross-claim defendants, and third-party defendants "are not defendants within the meaning of [§ 1441(a) ]").

This Court agrees with the Fourth Circuit's reasoning and conclusion, therein requiring that the instant matter be remanded to the Cambria County Court of Common Pleas because Grane, the removing party, is an additional counter-defendant.

Providing further support for this conclusion, four circuit courts of appeals have held that third-party defendants do not constitute "the defendant or the defendants" under the meaning of Section 1441 and, therefore, cannot remove state actions to federal court. *See In re Mortgage Electronic Systems, Inc.*, 680 F.3d 849, 853 (6th Cir. 2012) (citing *First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456, 461 (6th Cir. 2002)); *Thomas v. Shelton*, 740 F.2d 478, 488 (7th Cir. 1984); *Lewis v. Windsor Door Co.*, 926 F.2d 729, 733 (8th Cir. 1991); *Westwood Apex v. Contreras*, 633 F.3d 799, 805-06 (9th Cir. 2011).

Many federal district courts—both within the Third Circuit and in other circuits—have likewise held that third-party defendants cannot remove under Section 1441. *See, e.g., Gruber v. Hubbard Bert Karle Weber, Inc.*, 684 F. Supp. 879, 881-82 (W.D. Pa. 1988) (Weber,

C.J.) (holding that third-party defendants cannot remove); *Chase v. N. Am. Sys., Inc.*, 523 F. Supp. 378, 380-82 (W.D. Pa. 1981) (Weber, C.J.) (same); *Sterling Homes, Inc. v. Swope*, 816 F. Supp. 319 (M.D. Pa. 1993) (Rambo, C.J.) (providing a thorough analysis of the issue, citing cases, and holding that third-party defendants cannot remove cases to federal court); *Mut. Pharm. Co. Inc. v. Goldman*, Civil Action No. 12-0815, 2012 WL 2594250, at *1-*2 (E.D. Pa. July 3, 2012) (holding that third-party defendants lack the right of removal); *Gola v. City of Philadelphia*, Civil Action No. 09-5037, 2011 WL 2313147, at *3-*5 (E.D. Pa. June 13, 2011) (same); *Roberison v. Key Handling Sys., Inc.*, Civ. A. No. 86-5818, 1986 WL 13476, at *1-*2 (E.D. Pa. Nov. 26, 1986) (same); *Share v. Sears, Roebuck & Co.*, 550 F. Supp. 1107, 1108–09 (E.D. Pa. 1982) (stating third-party defendants are not "defendants" under 1441(c)); *Greater New York Mut. Ins. Co. v. Anchor Const. Co.*, 326 F. Supp. 245, 249 (E.D. Pa. 1971) (holding that Section 1441 does not permit removal by a third-party defendant); *Pacheco v. Rosenberg*, Civil No. 12-4513, 2013 WL 588225, at *3-*5, *3 n.5 (D.N.J. Jan. 24, 2013) (holding that third-party defendants cannot remove to federal court and discussing different circuits' views); *Dudley v. Gov't of Virgin Islands Super. Ct.*, Civil No. 2016-25, 2017 WL 1196643, at *1-*3 (D.V.I. 2017) (quoting *FirstBank Puerto Rico v. Gittens*, 466 F. Supp. 2d 614, 621 (D.V.I. 2006)) (holding that "only 'the original defendants against whom a plaintiff has asserted a claim' may remove a case to district court."); *see also, e.g., Jericho Baptist Church Ministries, Inc. v. Peebles*, Civil No. PJM 13-2586, 2013 WL 5915239, at *3 (D. Md. Oct. 30, 2013) (stating that the "majority view is that third-party defendants may not remove" and adopting that position); *NCO Fin. Sys. v. Yari*, 422 F. Supp. 2d 1237, 1242 (D. Colo. 2006) ("Accepting the view of a majority of courts both within [the Tenth Circuit] and nationwide, recognizing the Court's duty to

narrowly construe removal statutes, avoiding the potential for inconsistent judgments and acting in the interest of judicial economy, the Court finds that Third–Party Defendant CIGNA's Notice of Removal is improper."); *Fed. Ins. Co. v. Tyco Int'l Ltd.*, 422 F. Supp. 2d 357, 373 (S.D.N.Y. 2006) ("Not only have courts within this district uniformly upheld this rule, but other District Courts in the Second Circuit prohibit third[-]party defendants from removing."); *Cross Country Bank v. McGraw*, 321 F. Supp. 2d 816, 822 (S.D.W. Va. 2004) (noting that the other courts in the Fourth Circuit have adopted the majority rule and holding that "a third-party defendant may not remove a case under § 1441(a)"); *Ciolino v. Ryan*, No. C03–1396 TEH, 2003 WL 21556959, at *3 (N.D. Cal. July 9, 2003) (stating that while the Ninth Circuit has yet to reach this "interesting question" of "whether third-party defendants are 'defendants' for the purposes of section 1441 and thus may remove cases to federal court . . . , the great weight of district court authority within this circuit indicates that third-party defendants lack such a right."); *Andrews v. Elec. Motor Sys., Inc.*, 767 F. Supp. 853, 855 (S.D. Ohio 1991) (holding that third-party defendant could not remove under Section 1441); *Fleet Bank-N.H. v. Engeleiter*, 753 F. Supp. 427, 419 (D.N.H. 1991) (holding that Congress intended only that original defendants be able to remove pursuant to Section 1441); *Elkhart Coop. Equity Exch. v. Day*, 716 F. Supp. 1384, 1387 (D. Kan. 1989) ("[R]emoval under § 1441(c) is available only when a removable claim 'is joined with' a non-removal claim. Strictly construed, this provision only permits removal of claims joined in the plaintiff's complaint."); *Sequoyah Feed & Supply Co. v. Robinson*, 101 F. Supp. 680, 682 (W.D. Ark. 1951) (holding that, under a strict construction of Section 1441, third-party defendants may not remove to federal court); *Shaver v. Ark.-Best Freight Sys., Inc.*, 171 F. Supp. 754, 762

(W.D. Ark. 1959) ("[T]he removal statute limits removal . . . to a situation where there is a joinder of claims by the plaintiff, and does not authorize removal by a third party defendant.").

The Fifth Circuit took a different approach than the Sixth, Seventh, Eighth, and Ninth Circuits.[4] *See Carl Heck Eng'rs, Inc. v. Lafourche Parish Police Jury*, 622 F.2d 133, 135 (5th Cir. 1980). However, even were this Court to adopt the Fifth Circuit's view that "permit[s] removal on the basis of a third[-]party claim where a separate and independent controversy is stated," *id.*, the instant matter would still not permit removal because the claim against Grane is the exact same claim stated against LaurelWood and is factually and legally interwoven with LaurelWood's original debt-collection claim against Pavlosky.[5] (*See* ECF No. 1.)

---

[4] Based on this Court's research, the remaining circuits have not yet addressed whether third-party defendants have a right of removal under Section 1441.

[5] The Sixth Circuit reasoned that, "[a]lthough our conclusion on this issue is based on our construction of the statute itself, we note that, in most, if not all, cases, third-party claims will not satisfy the "separate and independent" requirement of § 1441(c)." *First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456, 465 (6th Cir. 2002); *see also Thomas v. Shelton*, 740 F.2d 478, 486 (7th Cir. 1984) ("A third-party complaint is usually conditional on the success of the main claim. The most common third-party claim is a claim for indemnity, that is, a claim that should the defendant (third-party plaintiff) be held liable to the plaintiff, the third-party defendant must reimburse the defendant for the cost of satisfying the plaintiff's judgment."); *Holloway v. Gamble-Skogmo, Inc.*, 274 F. Supp. 321, 323 (N.D. Ill. 1967) ("[I]t is difficult to imagine a third party complaint which is not 'dependent' on the main cause of action, since under even the most liberal state third party practice, a close relation between the third party claim and the case in chief is a minimal requirement."); 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3724, at 44 (3d ed. 1998) (endorsing the view that "Section 1441(c) should not be interpreted as generally authorizing removal in these contexts"). Therefore, even those courts that have held that § 1441(c) permits third-party defendants to remove to federal court in accordance with the Fifth Circuit's position, in actual application of this minority view, many of those courts have held that the third-party claims at issue did not satisfy the "separate and independent" requirement of § 1441(c). *See, e.g., New Venture Gear, Inc. v. Fonehouse*, 982 F. Supp. 892, 893 (N.D.N.Y. 1997) (holding that "a third-party claim cannot be 'separate and independent' if it is substantially derived from the same set of facts, or if it is contingent in some way on the plaintiff's non-removable claim") (quotation omitted); *Soper v. Kahn*, 568 F. Supp. 398, 405 (D.

Although third-party defendants are distinct from additional counter-defendants,[6] this Court concludes that the many decisions by district courts and by the four circuit courts of appeals holding that third-party defendants are not "defendants" under Section 1441 are analogous to additional counter-defendants. The reasoning from all of these opinions aligns with that of the Fourth Circuit in *Palisade* and is equally applicable to both third-party defendants and additional counter-defendants. Moreover, both third-party defendants and additional counter-defendants are former non-parties brought into the suit by an existing defendant; their roles in litigation and the underlying policies relevant to their non-removability are sufficiently aligned to warrant the same treatment for the purposes of Section 1441.

The Court also recognizes that there is disagreement among federal district courts, including within the federal district courts within the Third Circuit, as to whether third-party defendants may remove state cases to federal court under Section 1441. *See Ford Motor Credit Co. v. Aaron-Lincoln Mercury, Inc.*, 563 F. Supp. 1108, 1111 (N.D. Ill. 1983) (listing cases that demonstrate the split); *see also* 32A Am. Jur. 2d Fed. Cts. § 1644 ("The cases are

---

Md. 1983) (holding that third-party claim for indemnity, under state law, was not "separate and independent" under § 1441(c)); *Coleman v. A & D Mach. Co.*, 298 F. Supp. 234, 237 n.9 (E.D. Cal. 1969) (holding that removal was improper because the third-party claim was not separate and independent and noting the potential inconsistency of that position). The United States Supreme Court established the test for determining whether a "separate and independent" claim exists under Section 1441(c). *See Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6, 14 (1951) ("[W]here there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)."). In the present case, Pavlosky's claims against LaurelWood and Grane are identical claims and are factually and legally interlocked with LaurelWood's original claim. (*See* ECF No. 1.) Thus, they are not separate and independent claims.

[6] *See supra* note 3 (discussing the distinction between additional counter-defendants and third-party defendants).

- 11 -

'hopelessly divided' on whether and under what circumstances a third-party defendant may remove to a federal court."); Deborah Pearce Reggio, *Removal and Remand: A Guide to Navigating Between the State and Federal Courts*, 23 Miss. C.L. Rev. 97, 130 (2004) (examining who may remove a case from state to federal court and noting the split); Heather R. Barber, *Developments in the Law: Federal Jurisdiction and Forum Selection: Removal and Remand*, 37 Loy. L.A. L. Rev. 1555, 1568 n.96 (2004) (listing cases that demonstrate the split); Michael Massengale, *Riotous Uncertainty: A Quarrel with the "Commentators' Rule" Against Section 1441(c) Removal for Counterclaim, Cross-claim, and Third–Party Defendants*, 75 Tex. L. Rev. 659, 667–76 (1997) (surveying the split case law).[7]

Nevertheless, for the reasons stated above, this Court finds the reasoning of the Fourth Circuit, Sixth Circuit, Seventh Circuit, Eighth Circuit, Ninth Circuit, and those district courts to narrowly interpret Section 1441 to allow only original defendants to remove state actions to federal court to be well-reasoned and persuasive. Consequently, Pavlosky's request to remand this present action to the Cambria County Court of Common

---

[7] The Court specifically observes that the District of New Jersey is split on this issue. *Compare Patient Care, Inc. v. Freeman*, 755 F. Supp. 644, 646 (D.N.J. 1991) (noting the existing conflict on the issue within the District of New Jersey, but holding that third-party defendants may remove if the claim is separate and independent but remanding to state court because the indemnity claim before the court was not a separate and independent claim), *with Kaye Associates v. Bd. of Chosen Freeholders– County of Gloucester*, 757 F. Supp. 486, 487 (D.N.J. 1991) ("Having considered the arguments on both sides of the issue, we conclude that the better reasoned view is that third-party defendants do not have the right to remove cases to federal courts."); *see also Monmouth–Ocean Collection Serv., Inc. v. Klor*, 46 F. Supp. 2d 385, 388 (D.N.J. 1999) (describing the "decades-old split" in the district and holding that a third-party defendant may not remove).

Pleas will be granted because Grane, as an additional counter-defendant, is not permitted to remove under Section 1441 or any other authority.[8]

### B. The Court Will Not Award Attorneys' Fees to Pavlosky

In addition to requesting this case be remanded to the Cambria County Court of Common Pleas, Pavlosky also requests attorneys' fees pursuant to 28 U.S.C. § 1447(c). (ECF No. 12 at 5-6; ECF No. 13 at 8.) Citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005), Pavlosky suggests that she is entitled to attorneys' fees under Section 1447(c) because Grane's request for removal was not "objectively reasonable." (ECF No. 12 at 5-6; ECF No. 13 at 8.) The Court easily denies this request.

As discussed *supra* Part IV.A, the issue of whether an additional counter-defendant may remove a state case to federal court under Section 1441 is widely disputed among district courts and has not been resolved by the Third Circuit. Numerous reasonable arguments exist to support Defendants' position on this issue—arguments which some courts have accepted. *See supra* Part IV.A.

Moreover, the Third Circuit reversed a district court's award of attorneys' fees in a similar case regarding third-party defendants' ability to remove to federal court under Section 1441. *See Roxbury Condo. Ass'n, Inc. v. Anthony S. Cupo Agency*, 316 F.3d 224, 228 (3d Cir. 2003). In *Roxbury*, the Third Circuit remanded the action to state court on the basis that

---

[8] Given that this Court remands this case on the basis that Section 1441 does not allow additional counter-defendants to remove cases to federal court, the Court does not offer any opinion as to the parties' secondary dispute of whether Pavlosky's counterclaims properly invoke federal question/arising under jurisdiction under 28 U.S.C. § 1332.

the removing party failed to seek removal within the 30-day statutory period. *Id.* at 227-28. However, the Third Circuit reversed the district court's award of attorneys' fees, explaining:

> Timeliness issues aside, we are nonetheless concerned that the District Court chose to impose attorneys' fees based on Selective's *colorable removal claim in an area of unsettled law*. The Third Circuit has not yet decided whether an indemnification claim is separate and independent *or whether a third-party defendant may properly remove* under § 1441(c). Other courts disagree on these questions.

*Id.* at 228 (emphasis added). The Third Circuit continued: "Under these less than bright-line circumstances, we believe that, even if Roxbury had timely moved to remand the case, the District Court would have abused its discretion by awarding attorneys' fees. Accordingly, we reverse that award for this reason as well." *Id.*

This Court finds the instant matter to closely align with that considered by the Third Circuit in *Roxbury*. Grane had a "colorable removal claim in an area of unsettled law," and the Court will not award attorneys' fees under Section 1447(c) under those circumstances.

## V. Conclusion

For the reasons stated above, Pavlosky's Motion for Remand and Counsel Fees (ECF No. 12) will be **GRANTED IN PART** and **DENIED IN PART.**

This Court agrees with the Fourth Circuit's holding in *Palisade* that additional counter-defendants are not permitted to remove state actions to federal court under Section 1441. Thus, the Court **GRANTS** Pavlosky's request to remand this case to the Cambria County Court of Common Pleas. However, the Court **DENIES** Pavlosky's request for attorneys' fees because Grane advanced a colorable removal claim in an unsettled area of law. An appropriate order follows

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| LAURELWOOD CARE CENTER, LLC, | ) | Case No. 3:17-cv-184 |
|---|---|---|
| Plaintiff/Counter-Defendant, | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| KAREN PAVLOSKY, | ) | |
| Defendant/Counter-Plaintiff, | ) | |
| v. | ) | |
| LAURELWOOD CARE CENTER AND GRANE HEALTHCARE COMPANY, | ) | |
| Counter-Defendant and Additional Counter-Defendant. | ) | |

## ORDER

NOW, this 29th day of January 2018, upon consideration of Plaintiff's Motion for Remand and Counsel Fees (ECF No. 12), and in accordance with the foregoing Memorandum Opinion, it is **HEREBY ORDERED** that Plaintiff's Motion is **GRANTED IN PART** and **DENIED IN PART**. The Court **GRANTS** Plaintiff's request to remand, but **DENIES** Plaintiff's request for attorneys' fees. Accordingly, this action is **HEREBY REMANDED** to the Cambria County Court of Common Pleas.

Additionally, given that this case is remanded to state court, the Court **DENIES AS MOOT** Defendants' Motion to Dismiss Class Action Counterclaim (ECF No. 7). The Clerk of Court shall mark this case as **CLOSED**.

BY THE COURT:

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE